UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JEFFREY RIDDLE AND<br>RTM MARKETING GROUP, INC.,<br><br>PLAINTIFFS<br><br>V.<br><br>GECKOBYTE.COM, INC.,<br><br>DEFENDANT | )<br>)<br>)<br>)<br>)<br>)           CIVIL NO. 2:16-CV-613-DBH<br>)<br>)<br>)<br>)<br>) |

**ORDER ON MOTION TO DISMISS OR TRANSFER VENUE**

This lawsuit filed in the District of Maine alleges breach of an Asset Purchase Agreement and an Employment Agreement. Each agreement has a forum selection clause choosing Minnesota as the forum for disputes. The defendant has moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or alternatively to transfer the case to the District of Minnesota under 28 U.S.C. § 1404(a). The plaintiffs contest the motion, arguing that the forum selection clauses should not be enforced, but in the alternative, argue that if they are to be enforced, the remedy should be transfer to the District of Minnesota. I **DENY** the motion to dismiss and **GRANT** the motion to transfer to the District of Minnesota.

The Supreme Court is clear that "a forum-selection clause [must] be 'given controlling weight in all but the most exceptional cases.'" Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex., 134 S. Ct. 568, 579 (2013). "When the parties have agreed to a valid forum-selection clause, a

district court should ordinarily transfer the case to the forum specified in that clause." Id. at 581.  In such a case, "the plaintiff's choice of forum merits no weight," and the plaintiff "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id.  The parties' private interests are irrelevant in the analysis, id. at 582, and only public interest factors can provide a basis for not enforcing the clause.  Id.

The plaintiff has made no argument that the forum selection clauses in the two agreements here are invalid,[1] and has addressed no public interest that argues against their enforcement.  Therefore, under Supreme Court authority they are to be enforced.

There is one wrinkle.  Section 1404(a) says that under certain circumstances the district court can transfer a case "to any other district . . . where it might have been brought."  The Asset Purchase Agreement says:

> Any judicial proceeding brought with respect to this Agreement must be brought in any court of competent jurisdiction in St. Louis County, Duluth, Minnesota, and, by execution and delivery of this Agreement, each party (i) accepts, generally and unconditionally, the exclusive jurisdiction of such courts and any related appellate court, and irrevocably agrees to be bound by any judgment rendered thereby in connection with this Agreement, and (ii) irrevocably waives any objection it may now or hereafter

---

[1] The plaintiffs do argue that some counts of their complaint are not within the scope of the forum selection clauses.  However, the first two paragraphs of the Complaint refer specifically to the two agreements as "the subject matter of this action."  Compl. at ¶¶ 1, 2 (ECF No. 1).  It is true that only counts I and II are explicitly labeled "Breach of Contract."  But Count III, Unjust Enrichment, asserts that the defendant "unilaterally rescind[ed] the APA and the Employment Agreement."  Compl ¶ 43.  Count V, Conversion, asserts that the plaintiffs "notified [the defendant] that it was in default of the APA and Employment Agreement."  Id. ¶ 53.  Count VI, Misrepresentation, asserts that the defendant "made a false representation of material fact when it entered into the APA and Employment Agreement."  Id. ¶ 57.  Only Count IV, Quantum Meruit, omits explicit reference to the two agreements, but it is based upon the same transactions.  I conclude that the entire Complaint is within the scope of the forum selection clauses.

>   have as to the venue of any such suit, action or proceeding
>   brought in such a court or that such court is an inconvenient
>   forum.

Asset Purchase Agreement § 11.8.  The parties agree that this provision includes the federal district court for the District of Minnesota.

The Employment Agreement, on the other hand, says:

>   The jurisdiction and venue for any proceeding to enforce the terms of this Agreement shall be the Minnesota District Court in Duluth, St. Louis County, Minnesota.

Employment Agreement § 19.  This language appears to refer to state court, not federal court.  A federal court cannot "transfer" a matter to state court.  The defendant's motion to dismiss or transfer does not address this discrepancy.  The plaintiffs' opposition does address it, but reading both documents in tandem says that it creates an "ambiguity between the two forum selection provisions in the APA and the Employment Agreement [that] should be construed against [the defendant] as the party who had sole control over the drafting of the documents," and concludes that the Employment Agreement forum selection clause "permits an action in federal court."  Pls.' Opp'n to Def.'s Mot. at 5 (ECF No. 7).

It is true that the Employment Agreement has several references to the simultaneous Asset Purchase Agreement, but I have not discovered in either document a provision incorporating by reference the terms of the other.  I need not rely on the plaintiffs' ambiguity argument, however, because section 1404(a) also permits transfer "to any district or division to which all parties have

consented." The legal arguments here make clear that all parties now have consented to the District of Minnesota.[2]

Accordingly, the motion to dismiss is **DENIED** and the motion to transfer is **GRANTED**.

**SO ORDERED.**

**DATED THIS 27TH DAY OF FEBRUARY, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Supreme Court has not decided whether 12(b)(6) is an appropriate way to enforce a forum selection clause. Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex., 134 S. Ct. 568, 580 (2013). The First Circuit says that it is an appropriate way, Claudio-de León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 46 & n.3 (1st Cir. 2014), at least where the designated forum is not a federal court and section 1404(a) is unavailable, but it has not foreclosed the use of 28 U.S.C. § 1404(a), the vehicle the Supreme Court used in Atlantic Marine. I therefore use section 1404(a).